IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Baltimore Division

| | |
|---|---|
| THE ESTATE OF DAMON R FISHER, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Action No.: 1:21-cv-01074-CCB |
| THE CITY OF ANNAPOLIS, *et al.* | * |
| Defendants. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**DEFENDANT CITY OF ANNAPOLIS'
MOTION TO DISMISS COMPLAINT
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant City of Annapolis (the "City"), by counsel and pursuant to Rules 11(b), 12(b)(7), 19 and 56, but not 23, of the Federal Rules of Civil Procedure, submit this memorandum of law in support of its Motion to Dismiss the complaint or, in the alternative, for summary judgment. The claims in this action arise out of the same set of operative and transactional facts brought by the same attorney against this same Defendant, as was litigated to Consent Decree. Final judgment in that case in *White* Plaintiffs' favor was entered by this Court's order of January 14, 2021 approving and entering Plaintiffs' and Defendant City of Annapolis' Joint Motion to Approve and Enter Consent Decree (ECF 69-1 in *White*).

Plaintiffs and Plaintiffs' Counsel enjoyed and continue to enjoy all the benefits of the Consent Decree receiving the City's payment of $900,000.00 as well as the benefit of the Consent Decree's equitable relief. The City timely filed its first Consent Decree Report on January 31,

1

2021, and have engaged in significant actions intended to comply with the Consent Decree. This case represents a bald attempt to relitigate the City's pre-consent decree actions and is an impermissible collateral attack on the enrolled Consent Decree in *White*, which is now *res judicata.*

## NOTICE OF PENDENCY OF OTHER ACTIONS

The City asserts that the following lawsuits are all related pending actions in this Court:

1. *White, et al. v. City of Annapolis, et al.*, 1:19-cv-01442-CCB (*White* Consent Decree entered January 14, 2021) (the "*White* Lawsuit"),

2. *Estate of Damon Fisher, et al. v. City of Annapolis*, *et al*., 1:21-cv-01074-CCB (*Mr. Fisher's Estate* Survival Action filed May 3, 2021), and

3. *Johnson, et al. v. City of Annapolis*, 1:21-cv-01120-CCB (*Johnson* Class Action filed May 7, 2021).

Once settled, twice sued. As best put in the *Estate of Mr. Fisher's* Complaint:

> This action comes in the wake of the settlement of *White, et al. v. City of Annapolis, et al.*, which is still pending in this court, Case No. 1:19-cv-01442-CCB. Unfortunately, the prospective remedies voluntarily agreed to in the *White* consent decree came too late to prevent Mr. Fisher's wrongful death.

*Estate of Mr. Fisher* Complaint at 7 n. 2. The *Johnson* Class Action Complaint and's authors appreciate that:

> At the simplest level, this case seeks to vindicate the rights of the approximately 1,600 residents who were not party to the *White* case, and to compensate those individuals for the City's blatant violations of those rights.

*Johnson* Class Action Complaint at 3-4. The Court should note that there are no allegations of any City action after the effective date of the *White* Consent Decree, here January 14, 2021. Accordingly, the *Estate of Damon Fisher, et al. v. City of Annapolis*, *et al*., 1:21-cv-01074-CCB and *Johnson, et al. v. City of Annapolis*, 1:21-cv-01120-CCB must be dismissed as *res judicata*.

2

**SUMMARY ARGUMENT**

I. The *White* Consent Decree is Res Judicata and Prevents *The Estate of Mr. Fisher* Survival Action and the *Johnson* Class Action from Recovering Against This Defendant for Damages Arising Out of the Same Factual Transaction Governed by the White Consent Decree.

II. This Lawsuit Fails to Include Indispensable Parties including the *White* Plaintiffs and Plaintiffs' Counsel, and the United States Department of Housing and Urban Development.

III. Ethically, Plaintiffs' Counsel cannot Serve Three Masters, here the *White* Plaintiffs, *The Estate of Mr. Fisher* and the *Johnson* Class Action Plaintiffs.

IV. Plaintiffs' Counsel Violates Rule 11 and the *White* Consent Decree by Suing Upon Pre-Consent Decree Action for *The Estate of Mr. Fisher* and the *Johnson* Class Action.

The facts and applicable law supporting this Motion are more fully set forth in the accompanying Memorandum of Points and Authorities.

**CITY OF ANNAPOLIS**
**OFFICE OF LAW**

By: _____/s/_____
D. Michael Lyles, City Attorney #13120
160 Duke of Gloucester St.
Annapolis, MD 21401
(410)-263-7954
(410)-268-3916
dmlyles@annapolis.gov

By: _____/s/_____
Joel Braithwaite, Assistant City Attorney #28081
jabraithwaite@annapolis.gov

3

**CERTIFICATE OF SERVICE**

       The undersigned attorney hereby certifies that, on May 28, 2021, a true and correct copy of the foregoing Motion To Dismiss Amended Complaint Or In The Alternative, For Summary Judgment was electronically filed, using the Court's CM/ECF system, which caused a copy of this report to be served upon Counsel of Record:

P. Joseph Donahue, Esquire
The Donahue Law Firm, LLC
18 West Street
Annapolis, Maryland 21401
pjd@thedonahuelawfirm.com
*Attorney for Plaintiffs in White*
*Attorney for Plaintiffs in Johnson*
*Attorney for the Estate of Mr. Fisher*

Lisa M. Sarro, Esquire
The Donahue Law Firm, LLC
18 West Street
Annapolis, Maryland 21401
lmsarro@thedonahuelawfirm.com
*Attorney for Plaintiffs in White*

Kathleen M. Hughes, Esquire
Amy B. Siegel, Esquire
Maryland Legal Aid – Anne Arundel County Office
P.O. Box 907
Annapolis, Maryland 21404
khughes@mdlab.org
asiegel@mdlab.org
*Attorneys for Plaintiffs in White*

Carrie Blackburn Riley, Esquire
Blackburn Riley, LLC
222 Courthouse Ct.
Baltimore, Maryland 21204
cbr@blackburnriley.com
*Attorneys for Housing Authority of The City of Annapolis in White and the Estate of Mr. Fisher*

Emanwel J. Turnbull
Peter A. Holland
914 Bay Ridge Rd. Ste 230
Annapolis, MD 21403
eturnbull@hollandlawfirm.com
peter@hollandlawfirm.com
*Attorney for Plaintiffs in Johnson*

/S/
D. Michael Lyles
*Counsel for Defendant City of Annapolis*