**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | |
|---|---|
| **THE ESTATE OF DAMON R. FISHER** | |
| **Plaintiff,** | |
| v. | |
| **CITY OF ANNAPOLIS et al** | |
| **Defendant**. | **Civil Action No.: 1:21-cv-01074-CCB** |
| **THE CITY OF ANNAPOLIS** | |
| **Defendant/Cross Plaintiff,** | |
| v. | |
| **THE HOUSING AUTHORITY OF THE CITY OF ANNAPOLIS,** | |
| **Defendant/Crossclaim Defendant.** | |

**ANSWER OF THE CITY OF ANNAPOLIS AND**
**CROSSCLAIM OF DEFENDANT CITY OF ANNAPOLIS AGAINST DEFENDANT**
**HOUSING AUTHORITY OF THE CITY OF ANNAPOLIS**

**ANSWER**

COMES NOW Defendant, the City of Annapolis (the "City"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 7(a) and 8, answers the Plaintiffs' Complaint as follows:

**NATURE OF ACTION**

The City lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this conclusory statement. To the extent that the paragraph contains allegations against the City, they are denied.

## JURISDICTION AND VENUE

1.      The City lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

2.      The City lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

3.      The City lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

4.      The City lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied

## PARTIES

### Plaintiffs

5.      The City lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

6.      The City lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

7.      The City lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

8.      The City lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

9.      The City lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

### Defendants

10.     The City admits this allegation.

11.     The City lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

12.     The City lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

### FACTS

13.     The City hereby adopts and incorporates the foregoing Answers in paragraphs 1 through 12 as if fully set forth herein.  This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

**FACTS SPECIFIC TO THE ESTATE OF DaMON R. FISHER**

14.     The City adopts and incorporates the foregoing Answers in paragraphs 1 through 13 as if sully set forth herein. This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

15.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

16.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

17.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

18.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

19.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

20.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

21.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

22.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

23.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

24.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

25.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

26.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

27.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

28.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

29.     The City admits that it was sent a letter from Plaintiffs' counsel advising of the pending litigation. However, City lacks knowledge and information sufficient to form a belief about the truth of any other allegations contained in this conclusory statement.  To the extent that the paragraph contains any additional allegations against the City, they are denied.

## CONFIRMATION OF MOLD IN MR. FISHER'S APARTMENT AFTER HIS DEATH

30.     The City adopts and incorporates by reference each and every answer provided in paragraphs 1 through 29 above as if fully set forth herein. However, City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains any allegations against the City, they are denied.

31.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

## FACTS SIMILARLY ALLEGD IN THE CASE OF WHITE et al v. CITY OF ANNAPOLIS, et al.

32.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

### The HACA Properties

33.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

34.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

35.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

36.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

37.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

38.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

39.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

40.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

41.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

42.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

43.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

44.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

45.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

46.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

47.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

48.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

49.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

50.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

51.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

52.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

53.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

54.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

55.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

56.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

57.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

58.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

59.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

60.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

61.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

62.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

63.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

64.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

65.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

66.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

67.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

68.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

69.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

70.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

71.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

72.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

73.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

74.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

75.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

76.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

77.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

78.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

79.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

80.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

81.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

82.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

83.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

84.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

85.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

86.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

87.     This allegation is a legal conclusion to which no answer is required. To the extent an answer would be required, the allegation is denied.

**COUNT 1**
**(Violation of Fair Housing Act, 42 U.S.C. § 3601 et seq.)**
*Against Defendants City of Annapolis and the Housing Authority of the City of Annapolis*

88.     The City adopts and incorporates each and every answer provided in the foregoing paragraphs 1 through 87 as if fully set forth herein.

89.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

90.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

91.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

92.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

93.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

94.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

95.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

**COUNT II**
**(Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982)**
***Against Defendants City of Annapolis and the Housing Authority of the City of Annapolis***

96.     The City adopts and incorporates each and every answer provided in the foregoing paragraphs 1 through 95 as if fully set forth herein.

97.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

98.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

99.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

100.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

**COUNT III**
**(Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States)**
*Against Defendants City of Annapolis and the Housing Authority of the City of Annapolis*

101.     The City adopts and incorporates each and every answer provided in the foregoing paragraphs 1 through 100 as if fully set forth herein.

102.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

103.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

**COUNT IV**
**(Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1985 Section 3 and the Equal**
**Protection Clause of the Fourteenth Amendment to the Constitution of the United States)**
*Against Defendants City of Annapolis and the Housing Authority of the City of Annapolis*

104.    The City adopts and incorporates each and every answer provided in the

foregoing paragraphs 1 through 103 as if fully set forth herein.

105.    The City lacks knowledge and information sufficient to form a belief about the

truth of any allegations contained in this conclusory statement.  To the extent that the paragraph

contains allegations against the City, they are denied.

106.    The City lacks knowledge and information sufficient to form a belief about the

truth of any allegations contained in this conclusory statement.  To the extent that the paragraph

contains allegations against the City, they are denied.

**COUNT V**
**(Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1986 and the Equal Protection Clause**
**of the Fourteenth Amendment to the Constitution of the United States)**
*Against Defendants City of Annapolis and the Housing Authority of the City of Annapolis*

107.    DISMISSED.

108.    DISMISSED.

109.    DISMISSED.

110.    DISMISSED.

**COUNT VI**
**(Violation of the Maryland State Constitution – Article 24 of the Maryland Declaration of**
**Rights)** *Against Defendants City of Annapolis and*
*the Housing Authority of the City of Annapolis*

111.    The City adopts and incorporates each and every answer provided in the

foregoing paragraphs 1 through 106 as if fully set forth herein.

112.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

113.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

114.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

### COUNT VII
### (Violation of the Maryland Consumer Protection Act)
### *Against Defendants Housing Authority of the City of Annapolis*

115.     The City adopts and incorporates each and every answer provided in the foregoing paragraphs 1 through 114 as if fully set forth herein.

116.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

117.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

118.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

119.   The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

120.   The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

121.   The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

122.   The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

123.   The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

124.   The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

**COUNT VIII**
**(Violation of the Annapolis City Code § 18.08.010)**
***Against Defendants Housing Authority of the City of Annapolis and Property Manager Shaw***

125.   The City adopts and incorporates each and every answer provided in the foregoing paragraphs 1 through 124 as if fully set forth herein.

126.    The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

127.    The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

128.    The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

129.    The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

130.    The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

131.    The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

## COUNT IX
### (Negligence)
*Against Defendants Housing Authority of the City of Annapolis and Property Manager Shaw*

132.    The City adopts and incorporates each and every answer provided in the foregoing paragraphs 1 through 131 as if fully set forth herein.

133.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

134.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

135.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

136.     The City lacks knowledge and information sufficient to form a belief about the truth of any allegations contained in this conclusory statement.  To the extent that the paragraph contains allegations against the City, they are denied.

## FIRST DEFENSE

Defendant generally denies any and all claims of liability and for damages asserted in Plaintiffs' Complaint.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Defendant did not intentionally or otherwise deprive or cause Plaintiffs to be deprived of any right.

## FOURTH DEFENSE

Defendant did not violate or cause the violation of any of Plaintiffs' rights.

**FIFTH DEFENSE**

Plaintiff has not been subject to unlawful discrimination of any kind in violation of Title the Fair Housing Act, 42 U.S.C. §3601 et seq.

**SIXTH DEFENSE**

Plaintiffs have not been subject to unlawful discrimination of any kind by the City in violation of the Civil Rights Acts of 1866, 42 U.S.C. § 1982.

**SEVENTH DEFENSE**

Plaintiff has not been subject to unlawful discrimination or unlawful deprivation of rights or access to housing of any kind in violation of the Civil Rights Act of 187, 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**EIGHTH DEFENSE**

Plaintiff cannot establish a claim for discrimination, disparate treatment, against Defendant or a violation of Article 24 of the Maryland Declaration of Rights.

**NINTH DEFENSE**

The acts of Defendant and its employees were performed in the discharge of their official duties and responsibilities and were performed in good faith and with the good faith belief that the acts were lawful and constitutional.

**TENTH DEFENSE**

Plaintiffs' claims and the requests for relief regarding discrimination and disparate treatment and disparate impact are barred, in whole or in part, because all actions taken by the The City were for legitimate, non-discriminatory reasons.

## ELEVENTH DEFENSE

Plaintiffs and decedent Fisher failed to mitigate their damages and therefore are not entitled to relief. The City made a good faith effort to comply with federal, state and local laws in carrying out its duties related to the inspection of all HACA properties.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches. Due to the passage of time, witness availability and memory will result in undue prejudice to the City.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by a failure to exhaust administrative remedies and a failure to timely and fully assert claims at the administrative level.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are outside the scope of the Maryland Consumer Protection Act.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction, release, and/or waiver.

## SEVENTEENTH DEFENSE

Defendant asserts governmental immunity, qualified immunity, and/or statutory immunity to the extent made applicable by law.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are limited by the statutory damages caps which are applicable to all claims.

**NINETEENTH DEFENSE**

Defendant further states that, in terms of the responses to Plaintiff's specific allegations, any and all allegations not affirmatively admitted herein are denied.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by assumption of the risk, contributory negligence and estoppel.

**GENERAL OBJECTIONS**

Defendant generally objects to the extent that the allegations in the Complaint pertain to matters dismissed from the case by the Court's Memorandum Opinion and Order of December March 30, 2022, granting in part and denying in part Defendant's Motion to Dismiss. Specifically, this Court dismissed the City as to Count V – Violation of Civil Rights Act 1871, 42 U.S.C. § 1986 and the Equal Protection Clause of eh Fourteenth Amendment.

**Prayer for Relief**

WHEREFORE, The City of Annapolis, having answered Plaintiffs' Complaint, requests that this Court:

1. Deny Plaintiffs' claims for injunctive relief;

2. Deny Plaintiffs' claims for equitable relief;

3. Deny Plaintiffs' claims for compensatory damages;

4. Deny Plaintiffs' claims for non-economic damages;

5. Deny Plaintiffs' claims for attorneys' fees, costs, and interest;

23

6. Deny all other relief requested by Plaintiffs;

7. Award Defendant costs and reasonable attorneys' fees; and

9. Award such other relief as the Court deems appropriate.

## CROSSCLAIM OF DEFENDANT CITY OF ANNAPOLIS AGAINST DEFENDANT HOUSING AUTHORITY OF THE CITY OF ANNAPOLIS

COMES NOW Defendant/ Crossclaim Plaintiff, the City of Annapolis, by, through the undersigned counsel, and for its Crossclaim against Defendant/ Crossclaim Defendant, the Housing Authority of the City of Annapolis, alleges, and states as follows:

## PARTIES

1.   Defendant/Crossclaim Plaintiff, the City of Annapolis (the "City"), is a municipal corporation in the State of Maryland.

2.   Defendant/Crossclaim Defendant, the Housing Authority of the City of Annapolis ("HACA") is a "public body corporate and politic that: (1) exercises public and essential governmental functions; and (2) has all the powers necessary or convenient to carry out the purposes of this Division II." Md. Code Ann., House & Comm. Dev. Code § 13-103.

## JURISDICTION

3.   This Court has subject matter jurisdiction and supplemental jurisdiction in this case.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

4.   Plaintiffs brought the underlying survival action against the City and HACA as Damon R. Fisher's ("Mr. Fisher") Estate representatives. Mr. Fisher was an African American resident of the housing development known as Harbour House, owned and operated by HACA.

5.   Plaintiffs allege that Mr. Fisher died while residing in the home he rented from HACA, and the proximate cause of his death was years of toxic mold in the residence that exacerbated his preexisting chronic obstructive pulmonary disease with asthma.

24

6.   The survival action alleges violation of the Fair Housing Act, the Civil Rights Act of 1866 and 1871, the Equal Protection Clause of the Fourteenth Amendment, the Maryland State Constitution — Article 24, the Maryland Consumer Protection Act, the Annapolis Municipal Code § 18.08.010, and Negligence.

7.   Defendant/ Crossclaim Plaintiff, the City, denies all the allegations against it and denies that Plaintiffs incurred damages due to any act of the City or that it violated the Fair Housing Act, the Equal Protection Clause of the Fourteenth Amendment, the Maryland State Constitution — Article 24 or the Annapolis Municipal Code § 18.08.010 in any respect.

8.   HACA operates independently of the City under the directions, rules, and funding of the United States Dept of Housing and Urban Development (HUD), and so it is an independent government body.

9.   However, if the City is found to be liable for the injuries and/or damages to the Plaintiffs, then the City, in turn, alleges that it is entitled to indemnity and contribution from Defendant/ Crossclaim Defendant HACA as is set out below:

## FIRST CROSSCLAIM
### (Indemnification)

10.   The City repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

11.   Mr. Fisher resided in Harbor House, owned by HACA, an independent government body under HUD.

12. HACA has a non-delegable contractual relationship with HUD and is legally bound to provide "decent, safe, and sanitary" housing to HACA residents.

13. HACA has a non-delegable contractual relationship with Mr. Fisher to provide "decent, safe, and sanitary housing."

14. It is the duty of the landlord to maintain a certain standard of conduct for the health and safety of its tenants.

15. HACA's failure as the landlord, if any, to perform any of its duties will be solely due to the negligence of HACA.

16. Plaintiffs' damages, if any, were caused directly by the actions or inactions of HACA or caused by the direct and proximate result of the active and affirmative conduct on the part of HACA.

17. Upon information and belief, the sole proximate cause of Plaintiff's alleged injuries, if any, were from the actions, inactions, and violations of HACA, its employees, representatives, and agents; HACA violated its non-delegable duty to Plaintiffs to provide safe, decent and sanitary housing to its residents; and HACA violated its non-delegable duty to HUD to provide safe, decent and sanitary housing to its residents.

18. Therefore, if the City is held liable for the negligence of HACA causing the violations as alleged in the Complaint, which negligence was not that of the City, and any negligence or violations alleged as to the City is denied, then the City is entitled to recover from, or be entirely and fully indemnified by HACA for all sums adjudged against it in favor of Plaintiffs that resulted from the actions, inactions, and violations of the HACA.

WHEREFORE, Defendant/ Crossclaim Plaintiff, the City, sues the Defendants/ Crossclaim Defendant HACA and demands judgment of indemnity from them for any and all sums which may be awarded to the Plaintiffs against this Defendant/ Crossclaim Plaintiff, the City, plus costs.

## SECOND CROSSCLAIM
### (Contribution)

19.   The City repeats and realleges each and every allegation foregoing paragraphs as if fully set forth herein.

20.   The City alleges that it is in no way responsible for the damages alleged in the Plaintiffs' Complaint. Upon information and belief, the sole proximate cause of Plaintiff's alleged injuries, if any, were from the actions, inactions, and violations of HACA, its employees, representatives, and agents; HACA violated its non-delegable duty to Plaintiffs to provide safe, decent and sanitary housing to its residents; and HACA violated its non-delegable duty to HUD to provide safe, decent and sanitary housing to its residents. However, if as a result of the matters alleged in Plaintiffs' Complaint the City is held liable for all or any part of Plaintiffs' alleged damages, the HACA is obligated to, and is liable to, the City for any liability so assessed, by way of contribution. Accordingly, the City herein asserts such right to contribution from the HACA, as provided in Md. Code Cts. and Judicial Proceedings §§3-1401-09.

WHEREFORE, having fully answered the Complaint of the Plaintiff, and pursuant to the Crossclaim, the City respectfully requests that the Court enter an Order awarding the following relief:

a.   That Plaintiffs have and recover nothing of the answering Defendant Crossclaim Plaintiff, the City of Annapolis in this action and that this action against them be dismissed with prejudice;

b.   That in the event that Plaintiffs is adjudged and entitled to recover damages from Crossclaim Plaintiff, the City of Annapolis, then, in that event, that the City of Annapolis be entitled to full and complete indemnity from Defendant/ Crossclaim Defendant, the Housing Authority of the City of Annapolis;

c.  Alternatively, in the event that Plaintiffs is adjudged and entitled to recover

damages from the City of Annapolis, then, in that event that the City of Annapolis

be entitled to recover contribution from Defendant/ Crossclaim Defendant, the

Housing Authority of the City of Annapolis as provided in Md. Code. Cts. and

Jud. Proceeding §§3-1401-09;

d.  That the costs of this action be taxed against Plaintiffs and/or the Housing

Authority of the City of Annapolis; and

e.  That the Court grant Crossclaim Plaintiff, the City of Annapolis, such other and

further relief as the Court deems just and proper.

**CITY OF ANNAPOLIS**
**OFFICE OF LAW**

By:  _____/s/_____
        D. Michael Lyles, City Attorney #13120
        160 Duke of Gloucester St.
        Annapolis, MD 21401
        (410)-263-7954
        (410)-268-3916 FAX
        dmlyles@annapolis.gov

By:  _____/s/_____
        Joel Braithwaite, Assistant City Attorney
        #28081
        160 Duke of Gloucester St.
        Annapolis, MD 21401
        (410)-263-7954
        (410)-268-3916 FAX
        jabraithwaite@annapolis.gov

By:  _____/s/_____
        Kerry E. Berger, Assistant City Attorney
        #56359
        160 Duke of Gloucester St.

28

Annapolis, MD 21401
(410)-263-7954
(410)-268-3916 FAX
keberger@annapolis.gov


## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on May 24, 2022, a true and correct copy of the foregoing City of Annapolis Answer and Affirmative Defenses and Crossclaim of Defendant City of Annapolis Against Defendant Housing Authority of The City of Annapolis were electronically filed, using the Court's CM/ECF system, which caused a copy of this report to be served upon Counsel of Record:

P. Joseph Donahue, Esquire
The Donahue Law Firm, LLC
18 West Street
Annapolis, Maryland 21401
pjd@thedonahuelawfirm.com
*Attorney for Plaintiffs in Fisher*

Carrie Blackburn Riley
Blackburn Riley LLC
Bosley Hall
222 Courthouse Court
Suite 2F
Baltimore, MD 21204
cbr@blackburnriley.com
*Attorney For Housing Authority of the City of Annapolis*

Emanwel J. Turnbull
Peter A. Holland
914 Bay Ridge Rd. Ste 230
Annapolis, MD 21403
eturnbull@hollandlawfirm.com
peter@hollandlawfirm.com
*Attorney for Plaintiffs in Fisher*