IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE ESTATE OF DAMON R FISHER et al., | * | |
| | * | |
| Plaintiffs, | * | CIVIL NO. 1:21-cv-01074-CCB |
| v. | * | |
| THE CITY OF ANNAPOLIS et al., Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*  \*   \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| HOUSING AUTHORITY OF THE CITY OF ANNAPOLIS, | * | |
| Cross-Plaintiff, | * | |
| v. | * | |
| THE CITY OF ANNAPOLIS Cross-Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*  \*   \* \* \* \* \* \* \* \* \*

## CROSS-CLAIM

Cross-Plaintiff, Housing Authority of the City of Annapolis ("Cross-Plaintiff" and/or "HACA" ) by its undersigned attorney brings this Cross-Claim against the City of Annapolis (referred to herein as "Cross-Defendant" and/or "City")[1] and in support states:

1. On or about May 3, 2021, the Plaintiff, the Estate of Damon R. Fisher, by and through his personal representatives, ("Plaintiff" or "Fisher") initiated a survival action by filing a Complaint in the United States District Court for the District of Maryland against the City of Annapolis ("City"), HACA, and HACA's former employee Raylyne Shaw ("Shaw") in her

---

[1] The use of Cross-Defendant and/or City, includes the elected officials, employees, representatives, legal counsel, and all other agents of the City of Annapolis.

official capacity as HACA Property Manager.[2]

2.   Defendant/Cross Defendant, the City, is a municipal corporation in the State of Maryland.

3.   Defendant/Cross Plaintiff, HACA, is a "public body corporate and politic that: (1) exercises public and essential governmental functions; and (2) has all the powers necessary or convenient to carry out the purposes of this Division II." Md. Code Ann., House & Comm. Dev. Code § 13-103.  HACA has the power to sue and be sued.  MD Code, Housing & Community Development, § 12-502(b)(1).

4.   Prior to HACA being allowed to do business, HACA's Articles of Organization were recommended in writing by the City's chief elected official.  MD Code, Housing & Community Development, § 12-203 and § 12-206.

5.   HACA consists of seven Commissioners appointed and approved by the City.  MD Code, Housing & Community Development, § 13-104(a).  Commissioners serve a five year staggered term.  *Id.*

6.   Other than a Commissioner's voluntary decision to resign, the City, through its chief elected official, has the exclusive power and ability to remove a HACA Commissioner for neglect of duty or misconduct in office, including violations of local ethics laws and misconduct. MD Code, Housing & Community Development, § 12-311.

7.   The City through its recommendation of power to do business and exclusive power to appoint, approve and remove HACA's Board of Commissioners directly controls HACA.

---

[2]   On or about July 22, 2022, Plaintiff voluntary dismissed their claim against Shaw. *See* ECF 31.

8.  The City may not make an exception for HACA to a law, a rule, a regulation, or an ordinance that:  (1) operates in the City of Annapolis; and (2) relates to: (i) licensure; or (ii) the inspection of real property, except as provided in MD Code, Housing & Community Development, § 13-112(b).

9.  Following initial motion practice the following claims remain by Plaintiff:

COUNT I (Violation of Fair Housing Act, 42 U.S.C. § 3601 *et seq*.) Against Defendants City of Annapolis and the Housing Authority of the City of Annapolis;

COUNT II (Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982) Against Defendants City of Annapolis and the Housing Authority of the City of Annapolis;

COUNT III (Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States) Against Defendants City of Annapolis and the Housing Authority of the City of Annapolis;

COUNT IV (Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1985 Section 3 and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States) Against Defendants City of Annapolis and the Housing Authority of the City of Annapolis;

COUNT VI (Violation of the Maryland State Constitution – Article 24 of the Maryland Declaration of Rights) Against Defendants City of Annapolis and the Housing Authority of the City of Annapolis;

COUNT VII (Violation of the Maryland Consumer Protection Act) Against Defendants Housing Authority of the City of Annapolis;

COUNT VIII (Violation of Annapolis Municipal Code § 18.08.010) Against Defendants City of Annapolis and the Housing Authority of the City of Annapolis; and

COUNT IX (Negligence) Against Defendants Housing Authority of the City of Annapolis.

*See* ECF 1, Complaint.[3]

10.   Plaintiff seeks compensatory damages for deprivation of civil rights, compensatory damages for non-economic injury and death, declaratory relief that Defendants violated the FHA, treble damages under the Annapolis Municipal Code, reasonable attorneys, fees, costs and expenses, and other relief. See ECF 1, Complaint, *Ad Damnum* clause.

11.   This civil action arises under the laws of the United States of America. This Court has original jurisdiction over the claims under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (declaratory relief), and 42 U.S.C. § 3613 (Fair Housing Act, private right of action for damages and injunctive relief).

12.   Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the claims brought under Maryland law because they are related to Plaintiffs' federal claims and arise out of a common nucleus of related facts.

13. Venue herein is proper under 28 U.S.C. §§ 1391 (b)(1) and (2). Plaintiff resided in the City of Annapolis, Anne Arundel County, Maryland. Defendants, the City and HACA, both maintain their principal place of business in the City of Annapolis, Anne Arundel County, Maryland; the events or omissions giving rise to the claims occurred in this district and division.

14.   Plaintiff's claims are set forth in detail in their Complaint.  ECF 1.  Subject to its denial of liability and without admission of any wrongdoing, HACA adopts that Complaint as if set forth herein for purposes of stating the factual allegations giving rise to this Cross-Claim.

15.   Fisher was an African American tenant and resident of the rental housing development known as Blum Senior Apartments and then Harbour House, each and both of

---

[3]  Pursuant to the Court's Order Count V was dismissed as to all parties.  *See* ECF 38.

which are owned and operated by HACA within the City of Annapolis, and subject to the laws,

ordinances, policies, and procedures enacted, enforced and as otherwise created and applied by

the City.

/      16.  This is a survival action arising out of Fisher's death on June 25, 2020, allegedly due

to the exacerbation of his preexisting Chronic Obstructive Pulmonary Disease with Asthma with

the alleged leading cause as mold in residence.  ECF 1 ¶ 28.

       17.  In brief summary, Plaintiff alleges throughout its history, Annapolis has

discriminated and continues to discriminate against African Americans as it relates to residential

housing and that its policies have had a disparate impact and supports an inference of intentional

discrimination. ECF 1 ¶ 32. Plaintiff's claims rest upon events related to the City's inspection

policy dating from 2016 through 2018.  Plaintiff alleges that in December 2017, the City had a

"new policy of non-enforcement of the City Code on the HACA Properties."  ECF 1 ¶70.

Plaintiff alleges that in April and May 2019, HACA's attorney communicated with the City

regarding an affidavit and testimony of a City employee in a rent enforcement action.  ECF 1 ¶¶

72-76. Plaintiff alleges in June 2019, the City and HACA conspired and agreed to implement a

Shadow Policy to conduct inspections differently on HACA units than on other rental units.  ECF

1 ¶ 79.

       18.  This case relates directly to the City's breach of its stated policy and violation of

State and Federal law:

> It is the policy of the City, in the exercise of its police powers for the protection of
> the public safety, public health, and general welfare, to assure equal opportunity to
> all persons to live in decent housing facilities and to eliminate discrimination in
> all housing accommodations regardless of race, color, religion, disability, familial
> status, sexual orientation, gender identity, marital status, sex, source of income,

immigration status, citizenship status, or national origin, and to that end to
prohibit discrimination in all housing accommodations by any person.

Annapolis City Code, Ch. 11.32.010.

19.  The City has a non-delegable statutory duty to protect the public safety, public health,
and general welfare, to assure equal opportunity to all persons to live in decent housing facilities,
and to eliminate discrimination in all housing accommodations .

20.  The City has a duty to create and apply its practices, policies, procedures,
regulations, ordinances, and laws, including but not limited to its inspection, licensing, housing,
building, and maintenance code enforcement and requirements for residential rental properties in
a manner that protects the public safety, public health, and general welfare, to assure equal
opportunity to all persons to live in decent housing facilities, and does not discriminate or cause a
disparate discriminatory impact in housing accommodations against any protected class or
population.

21.  The City through its creation, direction, control, and enforcement of its practices,
policies, procedures, regulations, ordinances, and laws controls the inspection, licensing,
housing, building, and maintenance code enforcement and requirements for rental properties with
the City of Annapolis, including but not limited to those properties owned and operated by
HACA.

22.  The City through its creation, direction, control, and enforcement of its practices,
policies, regulations, ordinances, and laws controls the access to licensing, scheduling of
inspections, and enforcement of its inspection and licensing requirements and other housing,

building, maintenance, and code obligations for residential rental properties within the City of Annapolis, including but not limited to those properties owned and operated by HACA.

23.  HACA, through its Board of Commissioners, and in turn HACA's operation of its properties, including but not limited to Harbour House, are the direct result of and subject to the appointment power, control, removal power, and direction of the City.

24.  The City was first put on written notice in accordance with all conditions precedent to suit of Plaintiff's claim and in turn any claims arising out of that claim by writing sent July 2, 2020 to the City by Plaintiff's counsel.

25.  On May 31, 2021, HACA filed its Answer to the Plaintiff's Complaint denying all liability and damages.  Specifically, HACA denies Plaintiff incurred any damage due to any wrongful act or omission by HACA or that HACA violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq*.; the Civil Rights Act of 1866, 42 U.S.C. § 1982; the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States; the Civil Rights Act of 1871, 42 U.S.C. § 1985 Section 3 and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States; the Maryland State Constitution – Article 24 of the Maryland Declaration of Rights;  the Maryland Consumer Protection Act; the Annapolis Municipal Code § 18.08.010; and/or was otherwise negligent.

26.  If Plaintiff was in fact injured or damaged as alleged, then Plaintiff's injuries and damages occurred as a result the acts and omissions of the City as described herein.

27.  The City knew or should have known that if it failed to properly create, direct, control, and enforce its practices, policies, procedures, regulations, ordinances, and laws

controlling the inspection, licensing, housing, building, and maintenance code enforcement and requirements for rental properties within the City of Annapolis, its actions and/or omissions could and would cause injuries and damages to others, including but not limited to the Plaintiff.

28.  The City knew or should have known that if it failed to appoint and remove Commissioners of HACA, its actions and/or omissions could and would directly impact the Board of Commissioners oversight and management of HACA's operations and in turn cause injuries and damages to others, including but not limited to the Plaintiff.

29.  Plaintiff was a residential rental tenant and intended beneficiary of the City's practices, policies, procedures, regulations, ordinances, and laws related to inspection, licensing, housing, building, and maintenance code within the City of Annapolis.

29.  Plaintiff was a residential rental tenant in HACA's public housing property overseen by HACA's Board of Commissioners.  Plaintiff was an intended beneficiary of the public housing authority created by the City's adoption of HACA's Articles of Organization and overseen by HACA's Board of Commissioners, each of whom are appointed and subject to removal by the City.

30. Due to the City's breaches of its appointment/ removal powers, policy making duties, failures to inspect, licence, enforce, maintain and/or such other breaches of care, the conditions of the premises were allowed to exist and continue unabated, and directly and proximately caused Plaintiff's injuries.

31. The City failed to exercise its powers to enforce maintenance obligations, require abatement, force correction, or limit exposure to dangerous conditions by issuance of notice, citation, condemnation, demolition, or such other enforcement mechanisms within the City's

power including but not limited to controlling the composition of HACA's Board of
Commissioners.

32.  To the extent HACA is found liable for any injury and or damage by Plaintiff, then
HACA alleges that it is entitled to indemnity and/or contribution from Defendant/ Cross-
Defendant the City due to the City's direct, primary, and active control, direction, action,
inaction, and breach of its fiduciary, statutory, and other duties owed to HACA and the
constituents of the City of Annapolis including but not limited to the Plaintiff.

## COUNT I - INDEMNIFICATION

33.  HACA adopts and incorporates by reference paragraphs 1 through 32 as if fully set
forth herein.

34.  Cross Defendant City owed a duty to Plaintiff to exercise due care in its direction,
control, and enforcement of its practices, policies, regulations, ordinances, and laws setting
policy, controlling the access to licensing, scheduling of inspections, and enforcement of its
inspection and licensing requirements and other housing, building, maintenance, and code
obligations for residential rental properties.  If Plaintiff was injured as alleged, their injuries were
the direct result of Cross Defendant, the City's direct, active, and primary breaches of those
duties as detailed above.

35.  Cross Defendant City owed a duty to Plaintiff to exercise due care in its appointment
and removal and control of HACA's Board of Commissioners.  If Plaintiff was injured as
alleged, their injuries were the direct result of Cross Defendant, the City's direct, active, and
primary breaches of those duties as detailed above.

36.  As a result of Cross Defendant the City's direct, active, and primary action and inaction, related to its duties related to HACA and/or the creation of, direction, control, and enforcement of its practices, policies, regulations, ordinances, and laws related to inspection and licensing requirements and other housing, building, maintenance, and code obligations for residential rental properties, Plaintiff suffered the alleged injuries.

37.  If Plaintiff was injured as alleged, their injuries were the direct result of Cross Defendant, the City's direct, active, and primary breaches of those duties as detailed above.

38.  Cross Defendant the City's acts and/or omissions, described herein, were the direct, primary, active, and proximate cause of the injury and damages claimed by Plaintiff.

39.  In the event that Plaintiff obtains a judgment against Defendant HACA for damages as alleged in the Complaint, liability for which Defendant HACA expressly denies, Cross-Plaintiff HACA is entitled to indemnity from Cross Defendant the City because Cross Defendant the City's acts and/or omissions were independent, active, primary, superceding and/or intervening, and any role of HACA was passive and secondary only.

WHEREFORE, Defendant/Cross Plaintiff, the Housing Authority of the City of Annapolis, demands judgment by way of indemnity from Cross Defendant the City, for all or part of any judgment entered against Defendant/Cross Plaintiff HACA, plus the cost, expenses, and attorneys' fees incurred in this matter, and requests such other and further relief as this Court deems just and proper.

## COUNT II - CONTRIBUTION

40.  HACA adopts and incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41.  In the alternative, in the event that Plaintiff obtains a judgment against Defendant HACA for the damages alleged in the Complaint, liability for which Defendant HACA expressly denies, then Defendant HACA is entitled to contribution from the Cross Defendant the City for its *pro-rata* share of such damages as a joint-tortfeasor.

42.  HACA also claims every other right of contribution and/or indemnity against the Cross Defendant as may be provided by statute and/or common law.

WHEREFORE, Defendant/Cross Plaintiff, the Housing Authority of the City of Annapolis, demands judgment by way of contribution from Cross Defendant the City for all or part of any judgment entered against Defendant/Cross Plaintiff HACA, plus the cost, expenses and attorneys' fees incurred in this matter and requests such other and further relief as this court deems just and proper.

Respectfully submitted,

_____
Carrie Blackburn Riley
Federal Bar No.22778

Blackburn Riley, LLC
Bosley Hall
222 Courthouse Court, Suite 2F
Baltimore, Maryland 21204
410-825-8088
410-321-4944 (Fax)
410-215-8279 (Cell)
cbr@BlackburnRiley.com

Attorney for Defendant/ Cross-
Defendant Housing Authority of the
City of Annapolis

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October, 2022, a copy of the foregoing

Cross-Claim was filed electronically.

_____
Carrie Blackburn Riley
Federal Bar No.22778

12