IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ESTATE OF DAMON R. FISHER, *et al.*, Plaintiffs, | |
| v. | Civil Action No. CCB-21-1074 |
| CITY OF ANNAPOLIS *and* HOUSING AUTHORITY OF THE CITY OF ANNAPOLIS, Defendants and Third-Party Plaintiff, | |
| v. | |
| CAPITAL CONSTRUCTION LLC Defendant and Third-Party Defendant. | |

## MEMORANDUM

This suit arises from the death of DaMon R. Fisher in his public housing apartment owned and managed by the Housing Authority of the City of Annapolis ("HACA"). Mr. Fisher's Estate and personal representatives (collectively "the Estate"), sued the City of Annapolis, HACA, and Capital Construction LLC ("Capital") to recover damages for negligence, among other things. HACA brought a cross-claim against its contractor Capital, alleging that Capital failed to adequately perform assigned work in Mr. Fisher's apartment and breached several contractual provisions. Capital moved for dismissal or in the alternative summary judgment on all the claims against it, and on March 27, 2024, the court granted in part and denied in part Capital's motions. Mem., ECF 158. Now pending before the court is HACA's motion for reconsideration of the court's decision to grant Capital's motion for summary judgment with respect to HACA's breach of contract claim for failure to provide insurance. Mot. for Recon., ECF 161. The motion is fully

briefed and no oral argument is necessary. *See* Local Rule 105.6. For the following reasons, HACA's motion will be granted.

## BACKGROUND

In its cross-claim against Capital, HACA alleges that Capital was contractually obligated to "maintain insurance and name HACA as an additional insured," and "breached its . . . contractual duties . . . through its . . . [f]ailure to insure HACA." HACA Cross-Claim ¶¶ 43, 49(j), ECF 125; *see id.* ¶ 74.[1] Although HACA's allegations about Capital's contractual insurance obligation and breach thereof are threadbare, the court held that HACA had provided enough information to state a claim. Mem. at 22-23.

In its motion to dismiss or in the alternative for summary judgment, Capital did not challenge the sufficiency of HACA's insurance-based allegations. In fact, Capital appeared not to have recognized that HACA intended to set forth an independent, insurance-based theory of liability at all. *See* HACA Mot. to Dismiss, ECF 146-2 ("HACA Mot.") (making no argument regarding a breach of contract claim for failure to provide insurance). Capital's confusion was forgivable considering the minimal role that the cause of action plays in HACA's cross-claim. HACA highlighted its insurance-based breach of contract theory in its opposition to Capital's motion, *see* Opp'n to HACA Mot. to Dismiss at 13-14, ECF 151 ("HACA Opp'n"), apparently cluing Capital in to this issue for the first time.

---

[1] The court notes that its citations describe all the relevant filings, whether submitted by HACA or Capital, as "HACA" documents to distinguish them from the briefing on Capital's contemporaneously filed motion to dismiss the Estate's claims. The court employed this naming convention in its prior Memorandum and adheres to it for continued clarity.

Additionally, as noted in the prior Memorandum, paragraph 49 of HACA's Amended Complaint contains two sub-paragraphs labeled "j." Citations regarding insurance refer to the second sub-paragraph "j." Mem. at 22 n.7.

In its reply, Capital introduced evidence to show that it had met its contractual insurance obligation. *See* Reply in Supp. of HACA Mot. to Dismiss at 2-4, ECF 154 ("HACA Reply"). Specifically, Capital produced insurance certificates that it had submitted to HACA showing that it had maintained the contractually required insurance throughout the contract period. HACA Reply Ex. 1, ECF 154-1. Although this was the first time Capital offered any argument specific to the insurance-based claims, HACA did not attempt to respond to Capital's evidence by moving to file a surreply. The court reviewed Capital's evidence and, without any opposition from HACA, determined that Capital had complied with its contractual insurance obligations and therefore granted its motion for summary judgment. Mem. at 26.

Following the court's ruling, HACA moved for reconsideration, arguing that Capital's insurance certificates failed to prove that HACA was named as an additional insured on the policies, as the contract required. Mot. for Recon. Capital opposed HACA's motion, arguing that HACA had waived any argument by failing to request to file a surreply. Opp'n to Mot. for Recon., ECF 168.

**LEGAL STANDARD**

A motion for reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which permits the court to revise an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). Reconsideration "involves broad[] flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." *Id.* (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003)).

Under Rule 54(b), the ultimate resolution of a motion to reconsider is left to the court's discretion "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (quoting *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). "'[A] motion to reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (quoting *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001)). Thus, the circumstances where reconsideration may be appropriate include "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *U.S. Tobacco*, 899 F.3d at 257 (quoting *Carlson*, 856 F.3d at 325). At bottom, "the goal is to reach the correct judgment under law." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618-19 (D. Md. 2013) (quoting *Netscape Commc'ns Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010)).

## ANALYSIS

HACA's cross-claim cites two contract provisions included in the Invitation for Bids ("IFB") that was incorporated by the contract between HACA and Capital. HACA Cross-Claim ¶ 43. The cited provisions, IFB Attachment C, Section 6 and Attachment D, Section 36, both require Capital to hold Worker's Compensation, Commercial General Liability, and Automobile Liability insurance. Estate Mot. to Dismiss Ex. 2 at 17, 36, ECF 141-4. The IFB does not explicitly require that HACA be named as an additional insured on any of these types of policies. *Id.* The provisions additionally require that Capital provide Builder's Risk insurance, for which HACA *is* to be named as an insured, but that requirement contains an exception "for modernization work

4

which does not involve structural alterations or additions and where [HACA's] existing fire and extended coverage policy can be endorsed to include such work." *Id.*

Not mentioned in HACA's cross-claim but cited in its motion for reconsideration, IFB Attachment B, Section C also sets forth insurance obligations, this time requiring Capital to "submit to the HACA an Insurance Certificate (listing the 'Housing Authority of the City of Annapolis' as a co-insured) in the minimum amounts of coverage" of $1,000,000 per occurrence each of General Liability, Auto Liability, and Worker's Compensation Insurance. *Id.* at 12. Additionally, the main contract includes an insurance provision which requires Capital to maintain the same $1,000,000 per occurrence each of General Liability, Auto Liability, and Worker's Compensation Insurance, but says nothing about providing insurance certificates or listing HACA as an additional or co-insured party. Estate Mot. to Dismiss Ex. 1 ¶ 13, ECF 141-3.

The court agrees that at least one of the provisions in the parties' contract, IFB Attachment B, Section C, Estate Mot. to Dismiss Ex. 2 at 12, requires Capital to name HACA as a co-insured on the insurance policies. Capital's insurance certificates do not sufficiently establish that HACA was co-insured (or named as an additional insured) on all of the policies. Although at least one of the policies indicates that HACA was an additional insured, *see* HACA Reply Ex. 1 at 8 (Auto Liability policy for Feb. 2019 – Feb. 2020), several others list additional insureds that do not include HACA, *see id.* at 33 (General Liability policy); *id.* at 37 (Auto Liability policy for May 2023 – May 2024 (informative but not relevant to the period at issue because it post-dates HACA's claims)), and the markings on the insurance certificates do not conclusively indicate that HACA was an additional insured, *see id.* at 7 (listing "N/A" in additional insured column for Workers Compensation); *id.* at 10, 12, 14, 19 (listing "A" in additional insured column for General Liability and, in one certificate, Auto Liability, and "N/A" in additional insured column for Workers

5

Compensation); *id.* at 24, 27, 29 (listing "X" in additional insured column for General Liability and Auto Liability and "N/A" in additional insured column for Workers Compensation). The inconsistency of the markings is unexplained and, without any clarification or the actual policies, the court cannot conclusively determine that Capital met its contractual insurance obligations, and agrees that it was error to grant summary judgment on this issue. *See* Fed. R. Civ. P. 56(a) (summary judgment is appropriate "if the movant shows that . . . [it] is entitled to judgment as a matter of law").

In opposing HACA's motion for reconsideration, Capital does not contend that its evidence demonstrates that HACA was an additional insured (by explaining the markings on the insurance certificates, for example), nor does it make any argument about how to interpret the contract's several and varied insurance provisions. Instead, Capital argues that HACA should have asserted its argument in a surreply in the summary judgment briefing.

Surreplies "'are highly disfavored in this district,' but may be permitted when an opposing party raises an argument for the first time in a reply brief and the movant would otherwise be unable to address it." *Burnett v. BJ's Wholesale Club*, __ F. Supp. 3d __, 2024 WL 1014074, at *9 (D. Md. 2024) (quoting *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 722 (D. Md. 2017)). And that is exactly what happened here: the full contour of HACA's insurance-based breach of contract cross-claim was not entirely clear until its opposition to Capital's motion to dismiss or in the alternative for summary judgment, and Capital's reply accordingly raised arguments based on newly introduced evidence. Moreover, whether or not a surreply would have been allowed, HACA could have at the very least moved for permission to file a surreply rather than leaving Capital's evidence unopposed. Nevertheless, "cognizant of the fact that full discovery has not yet been conducted," Mem. at 25 n.9, and, given that several of HACA's other cross-claims

against Capital will proceed to discovery, the court will not ignore HACA's argument, despite the fact that it was belatedly asserted. Accordingly, HACA's motion for reconsideration will be granted.

This Memorandum should not be understood to hold that Capital has not satisfied its insurance-based contractual obligation. The court expresses no view as to what the insurance certificates *actually* mean, nor what the contract *definitively* required. HACA's motion will be granted only because, at this stage, there is insufficient evidence from which to conclusively determine that Capital met its apparent obligation to name HACA as an additional insured.

## CONCLUSION

For the reasons stated, HACA's motion for reconsideration will be granted. HACA's insurance-based breach of contract claim will be reinstated.

A separate Order follows.

   7/2/2024  
Date

/s/  
Catherine C. Blake  
United States District Judge